■ In the Matter of the Claim of DOROTHY B. JORDAN, Appellant. COMMISSIONER OF LABOR, Respondent. [798 NYS2d 782]—

Appeal from a decision of the Unemployment Insurance Appeal Board, filed October 20, 2004, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.

Claimant was employed as an assistant rehabilitation specialist with a special needs organization until she was discharged for making unprofessional comments to her supervisor in the presence of a consumer. The Unemployment Insurance Appeal Board ruled that claimant was disqualified from receiving unemployment insurance benefits upon a finding that she engaged in misconduct, prompting this appeal. We affirm.

The record establishes that during an evaluation regarding a consumer's placement in claimant's room, which evaluation was attended by the consumer, her parents, a paraprofessional, a psychologist and staff members, claimant became frustrated with her supervisor's failure to respond to her questions as well as the supervisor's decision regarding the specifics of the consumer's placement in the room. Instead of waiting to discuss the matter in private, claimant stated that she would not be set up by the supervisor, that she would not take responsibility for anything that happened and that the supervisor's decision was motivated by money. Thereafter, claimant was discharged for engaging in an unprofessional verbal exchange in front of the consumer, which was contrary to the employer's established policy. Under these circumstances, substantial evidence supports the Board's decision that claimant's conduct constituted disqualifying misconduct (*see Matter of Schembri [Commissioner of Labor]*, 252 AD2d 717 [1998]; *Matter of Vindigni [Commissioner of Labor]*, 250 AD2d 915 [1998], *lv denied* 92 NY2d 811 [1998]; *Matter of Hooghkirk [Sweeney]*, 223 AD2d 902, 903 [1996]). Claimant's remaining contentions, including her assertions that her due process rights were violated and a default decision should have been entered, have been reviewed and found to be without merit.

Cardona, P.J., Mercure, Peters, Lahtinen and Kane, JJ., concur. Ordered that the decision is affirmed, without costs.